UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DANIEL J. DONOVAN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 9-328-B-W |
| | ) |
| EVERETT FOWLE, et al., | ) |
| | ) |
|     Defendant | ) |

ORDER ON PLAINTIFF'S MOTION
FOR FURTHER DISCOVERY (DOC. NO. 39)

On April 12, 2010, Daniel Donovan filed a motion to allow further discovery and on April 21, 2010, he replied to the defendants' opposition to further discovery. Donovan claims the additional discovery is necessary in order for him to properly respond to the defendants' pending motion for summary judgment. Donovan specifically wants to depose four, or possibly five, technicians from the Maine State Crime Lab and Alan Kelly of the Kennebec District Attorney's Office. His motion is based upon the fact that he finally obtained discovery regarding the state police crime lab reports and the District Attorney's file on March 19, 2010, at the very end of the discovery period pursuant to the scheduling order.

In his motion for further discovery Donovan claims that he is entitled to this discovery pursuant to Rule 56(f) of the Federal Rules of Civil Procedure in order to properly frame his response to the pending motion for summary judgment.[1] The motion is based primarily upon the

---

[1] The motion for summary judgment (Doc. No. 35) was filed after the expiration of the discovery period and is by no means an "early" filed motion. The parties both point the blame at each other in terms of the way discovery proceeded in this case. I agree that Mr. Donovan has been dilatory in seeking discovery and that the defendants' attorney has been somewhat obstructionist in providing it. However, the Rule 56(f) motion does not turn on the fact that the discovery period has expired. Mr. Donovan has simply failed to convince me that his further discovery initiatives regarding the lab technicians would add anything to his case and the deposition of Alan Kelly could have been taken long ago and does not depend on the recently provided lab reports. Indeed, if Donovan had sought discovery in the form of a deposition of Kelly early in the case in all likelihood he would have discovered this "chain of custody" information sooner.

state's contention that Donovan has not alleged a violation of a *federal* constitutional or statutory right and that if he alleged such a violation then various federal doctrines of immunity and claim preclusion bar his recovery in this court.  This Court recently summarized the standard for delaying disposition of a summary judgment motion based on insufficient opportunity to conduct discovery:

> When an inadequate opportunity for discovery prevents the nonmovant from mounting an opposition, Federal Rule of Civil Procedure 56(f) offers a "safeguard against judges swinging the summary judgment axe too hastily." Resolution Trust Corp. v. N. Bridge Assocs., Inc., 22 F.3d 1198, 1203 (1st Cir. 1994).  Specifically, summary judgment may be denied if "a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(f).  Because district courts "construe motions that invoke the rule generously, holding parties to the rule's spirit rather than its letter," the First Circuit requires substantial, not perfect, compliance. Resolution Trust Corp., 22 F.3d at 1203.  A litigant who invokes Rule 56(f) must make an authoritative and timely proffer showing "(i) good cause for his inability to have discovered or marshaled the necessary facts earlier in the proceedings; (ii) a plausible basis for believing that additional facts probably exist and can be retrieved within a reasonable time; and (iii) an explanation of how those facts, if collected, will suffice to defeat the pending summary judgment motion." Rivera-Torres v. Rey-Hernandez, 502 F.3d 7, 10 (1st Cir. 2007).

BlueTarp Fin., Inc. v. E. Materials Corp., 592 F. Supp. 2d 188, 189-90 (D. Me. 2009) (Singal, J.).

Donovan has failed to show good cause for delaying the deposition of Kelly, has not provided any basis to believe additional facts exist within the purview of the lab technicians other than appear in the chain of custody and lab reports, and has not shown how gathering more facts from the lab technicians could suffice to defeat the pending motion.  He has not met prongs one, two, and three of the Rule 56(f) paradigm.  Of course, under Resolution Trust Corp. there are actually five prongs that Donovan must satisfy in order for me to authorize further discovery in this sort of "delayed discovery" case.  Resolution Trust Corp., 22 F.3d at 1203 ("Rule 56(f) can be thought of as embodying five requirements: authoritativeness, timeliness, good cause,

utility, and materiality.")  Assuming his pro se status and the "difficulties" encountered during discovery served to minimally establish "good cause" for Donovan's failure to make timely use of the discovery process, he has failed in this proffer to demonstrate how the additional discovery sought would satisfy the other requirements of Rule 56(f).  The chain of custody reports only relate to receipt of item L94-320-21 a/k/a LO4-646-1, since its receipt by the state crime lab on October 28, 2004, (Doc. No. 48) and that is the primary exhibit submitted in support of the motion for further discovery.  Their utility and materiality have not been established.  Gary Marsella was known to Donovan long before the most recent round of discovery, yet a police report mentioning him is submitted in support of this motion for further discovery.  As far as I can see Marsella has nothing to do with lab testing and DNA analysis that appears to be at the heart of Donovan's case.  Nor does an alleged statement by the victim made to Donovan's attorney and/or members of the District Attorney's Office explain why there is a need for additional discovery at this point.  Donovan has simply failed to show that further discovery is warranted.  Based upon the foregoing, Donovan's motion to conduct further discovery is denied.

CERTIFICATE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

*So Ordered.*

May 3, 2010                                  /s/ Margaret J. Kravchuk
                                             U.S. Magistrate Judge