UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| DANIEL J. DONOVAN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | 1:09-cv-00328-JAW |
| v. | ) | |
| | ) | |
| EVERT FOWLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AFFIRMING THE RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE**

The Court affirms the Magistrate Judge's Recommended Decision and concludes that the Plaintiff's lawsuit against his former prosecutors is barred by the doctrine of prosecutorial immunity.

**I.   STATEMENT OF FACTS**

**A.   Procedural History**

On July 28, 2009, Daniel J. Donovan filed a civil rights complaint against Evert Fowle, the District Attorney for Kennebec County, Alan Kelley, an Assistant District Attorney, and Paul Rucha, another Assistant District Attorney (collectively State Defendants).[1] *Compl.* (Docket # 1). On March 19, 2010, the State Defendants moved for summary judgment. *Mot. for Summ. J. by Defs. Evert Fowle, Alan Kelley, and Paul Rucha* (Docket # 35) (*State Defs' Mot*). The resolution of the motion was delayed by a dispute about whether Mr. Donovan was entitled to further discovery;

---

[1] Mr. Donovan initially spelled Mr. Fowle's first name as Everett but on August 21, 2009, the Defendants moved to correct the spelling. *Mot. to Correct Spelling in Caption by Defs. Evert Fowle, Alan Kelley, and Paul Rucha* (Docket # 10). The Court granted the motion on August 24, 2009. *Order* (Docket # 11).

on May 10, 2010, Mr. Donovan responded to the State Defendants' motion. *Opp'n to Mot. for Summ. J. by Defs. Evert Fowle, Alan Kelley, and Paul Rucha* (Docket # 52) (*Pl.'s Opp'n.*). On May 24, 2010, the State Defendants replied. *Reply to Pl.'s Ob. to Defs' Mot. for Summ. J. by Defs. Evert Fowle, Alan Kelley, and Paul Rucha* (Docket # 62).

On August 9, 2010, the Magistrate Judge issued a Recommended Decision. *Recommended Decision* (Docket # 64). Mr. Donovan objected on September 8, 2010 and the State Defendants responded on September 23, 2010. *Ob. to the Recommended Decision* (Docket # 67); *Resp. to Pl.'s Ob. to Recommended Decision by Defs. District Att'y Evert Fowle, Deputy District Att'y Alan Kelley, and Assistant District Att'y Paul Rucha* (Docket # 69) (*State Defs.' Resp. to Pl.'s Ob to Recommended Decision*).

### B. Mr. Donovan's Complaint

In his July 28, 2009 Complaint, Mr. Donovan says that on February 6, 1996, he was convicted of gross sexual assault and on May 8, 2006, he received a twenty year sentence, all but fifteen years suspended and six years probation. *Compl.* ¶¶ 10-11. As a consequence of his conviction and sentence, Mr. Donovan was incarcerated in Maine Department of Corrections (MDOC) facilities from at least September 1995 to December 28, 2004. *Compl.* ¶ 5. He alleges that at the time he filed the Complaint, he was on state probation and was scheduled to remain on state probation for about two years. *Id.* Mr. Donovan says that because of his conviction, he is subject to lifetime registration as a sex offender. *Id.* As a lifetime

2

sex offender, Mr. Donovan is required not only to maintain his registration, but also to pay registration fees and for a passport photograph each time he re-registers. *Id.* ¶ 23. Mr. Donovan asserts that he was actually innocent of the crime of gross sexual assault and he is seeking an order, requiring the state to hold an evidentiary hearing to allow him the opportunity to "make a conclusive showing of actual innocence." *Id.* ¶ 47. He says that by denying him a right to a hearing, the State Defendants are violating his rights to due process and other rights under both the United States and Maine constitutions. *Id.* ¶¶ 49, 73-74. Mr. Donovan seeks an injunction that would prohibit the State Defendants from interfering with his right to a hearing and he asks for a hearing in this Court concerning the alleged deprivation of his constitutional rights. *Id.* ¶ 75.

C. **The State Defendants' Summary Judgment Motion**

The State Defendants moved for summary judgment on a number of grounds: 1) the Donovan lawsuit is barred by the *Rooker-Feldman* doctrine; 2) the Donovan lawsuit is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); 3) the Donovan lawsuit does not state a cognizable basis for his desired relief; 4) the Donovan lawsuit does not allege that the Defendants engaged in prosecutorial misconduct that could form the basis for a § 1983 claim; 5) the Donovan lawsuit attempts to plead a case against the state of Maine and the state is not subject to suit under § 1983; 6) the Donovan lawsuit's claims under the Maine constitution are not cognizable under § 1983; 7) the Donovan lawsuit is barred by the doctrine of *res judicata*; 8) Mr.

3

Donovan has no evidence to support his claim for relief; and, 9) Mr. Donovan is not entitled to punitive damages against state officials. *State Defs.' Mot.*

### D. Mr. Donovan Responds

In his Response, Mr. Donovan relates the history of his case from an Order by Justice Donald Alexander dated June 10, 1997 through his appeals and the Superior Court dispositions of his demands that the state perform DNA testing. *Pl.'s Opp'n* at 1-6. Mr. Donovan stresses that he is not seeking to have his conviction vacated or for redress for damages caused by the state courts; instead, he seeks redress for harm that the named defendants have caused him by standing between him and his desired evidentiary hearing. *Id.* at 6. He then disputes each of the State Defendants' contentions. *Id.* at 12-23.

### E. The Recommended Decision

On August 9, 2010, the Magistrate Judge issued a Recommended Decision in which she recommended that the Court grant the State Defendants' motion for summary judgment. *Recommended Decision* at 15. The Magistrate Judge concluded that Mr. Donovan's case is not barred by the *Rooker-Feldman* doctrine. *Id.* at 8-11. She therefore reached the merits of his claim. The Magistrate Judge then turned to whether the State Defendants, all prosecutors, are entitled to prosecutorial immunity. *Id.* at 11-15. She concluded that they are because all of the alleged violations pertain to duties "performed pursuant to the prosecutors' roles as 'advocates.'" *Id.* at 13. She recommended the motion for summary judgment be granted on that basis. *Id.* at 11-15.

4

### F. Mr. Donovan's Objection

On September 8, 2010, Mr. Donovan objected to the Magistrate Judge's Recommended Decision. *Ob. to the Recommended Decision*. He contends that the Magistrate Judge's rationale for granting summary judgment is "extraordinary and outrageous, especially under the U.S. Supreme Court's Decision in *Imbler v. Pachtman*, 423 U.S. 409, 417 (1976)." *Id.* at 1-2. He says that neither *Imbler* nor *Napue v. Illinois*, 360 U.S. 264 (1959) "endorse the reliance upon false and/or perjured testimony." *Id.* at 2. He asserts that Defendant Allan Kelley knew throughout his trial that "he had elicited and continually relied on false testimony from former Maine State Police Forensic Chemist, Allison Gingrass." *Id.* He contends that, contrary to the Magistrate Judge's conclusion, Defendant Kelley's actions did not fit within the scope of the prosecutor's advocacy function, but were within the scope of the prosecutor's administrative or investigative functions. *Id.* at 4. He argues that the Magistrate Judge failed to view the evidence in the light most favorable to him. *Id.* at 5-6. Mr. Donovan then recites what he contends is false and misleading testimony that took place during his trial. *Id.* at 8-13. Reiterating that he has "maintained his innocence at every stage of his proceedings", he urges the Court to require the evidentiary hearing he has been seeking. *Id.* at 13.

### G. The State Defendants' Response

First, noting that Mr. Donovan's objection reaches only the conduct of Defendant Alan Kelley and not Defendants Fowle and Rucha, the State Defendants "construe [Mr.] Donovan's Objection to the Recommended Decision as limited to his

claims against [Mr.] Kelley alone." *State Defs.' Resp. to Pl.'s Ob to Recommended Decision* at 2.

Turning to Mr. Kelley, the State Defendants assert that Mr. Donovan "has not adduced any evidence tending to show that [Deputy District Attorney] Kelley used, facilitated, or relied upon false testimony from Forensic Chemist Allison Gingrass or any other witness in his criminal trial." *Id.* at 3. The State Defendants point out that Ms. Gingrass found both blood and semen on the remains of a genital swab obtained from the alleged victim but she was unable to determine whether the blood or semen was Mr. Donovan's. *Id.* at 3-4. According to the State Defendants, Mr. Shargo's later testimony did not contradict Ms. Gingrass's. *Id.* at 4. Mr. Shargo merely said that he found no evidence of semen on what was left of the swab and explained that this was not unusual since he could not test the same sample that Ms. Gingrass had tested. *Id.* The State Defendants contend there is no evidence of false trial testimony. *Id.*

The State Defendants turn to prosecutorial immunity. *Id.* at 4-6. They note that although Mr. Donovan asserts that Assistant District Attorney Kelley's actions fell within the administrative or investigative function, not the advocacy function, the focal point of Mr. Donovan's claim is testimony that Assistant District Attorney Kelley elicited during trial, which is quintessentially advocacy. *Id.* at 5-6.

## II. DISCUSSION

Consistent with its statutory obligation, the Court thoroughly reviewed this case on a de novo basis to determine whether to accept or reject the Magistrate

6

Judge's Recommended Decision. It did so particularly since Mr. Donovan is earnestly claiming that he is actually innocent of the crime for which he has been found guilty and has served time in prison. Despite Mr. Donovan's effort to convince the Court that the Magistrate Judge erred in her Recommended Decision, the Court disagrees.

For the reasons well articulated by the Magistrate Judge, Assistant District Attorney Alan Kelley's examination in court of the prosecution's expert witness Allison Gringrass falls well within the scope of prosecutorial immunity for advocacy.[2] Furthermore, Mr. Donovan's assertion that Mr. Kelley procured and continually relied upon false testimony and in doing so, was acting in his administrative or investigative capacity fails. Despite Mr. Donovan's attempt to distinguish *Imbler*, the facts in *Imbler* are remarkably similar to what Mr. Donovan is claiming here. In *Imbler*, the defendant claimed among other things that the prosecutor allowed an eyewitness to give false identification testimony. *Imbler*, 424 U.S. at 416. The *Imbler* Court noted that there will be cases where a prosecutor functions as an administrator rather than as an officer of the court and it will be necessary to draw "a proper line" between the two, which "may present difficult questions, but this case does not require us to anticipate them." *Id.* at 431 n.33. Under *Imbler*, Assistant District Attorney Kelley is absolutely immune.

The Court acknowledges that resolving this case on prosecutorial immunity may well leave Mr. Donovan dissatisfied since he will not get the hearing he seeks.

---

[2] Mr. Donovan has waived any continuing claim against either District Attorney Fowle or Assistant District Attorney Rucha by failing to articulate any objections to the Magistrate Judge's Recommended Decision as regards those two Defendants.

But since Mr. Kelley's actions fall squarely within the "judicial phase of the criminal process", he is absolutely immune from civil action. *Van de Kamp v. Goldstein*, 129 S. Ct. 855, 860 (2009) (quoting *Imbler*, 424 U.S. at 430). When a prosecutor's actions are those of an advocate, in the words of the United States Supreme Court, "the immunity that the law grants prosecutors is 'absolute'". *Id.*

The Court has made a *de novo* determination of all matters adjudicated by the Magistrate Judge and it concurs with those recommendations for the reasons set forth in her Recommended Decision and for the reasons set forth herein. The Court determines that no further proceeding is necessary.

## III. CONCLUSION

It is therefore ORDERED that the Recommended Decision of the Magistrate Judge (Docket # 64) is hereby AFFIRMED and the Court GRANTS the Defendants' Motion for Summary Judgment with respect to their defense of prosecutorial immunity (Docket # 35).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 20th day of January, 2011